## Julius H. Rice *vs*. Jonathan Ferris.

F, by deed granted to another a certain water privilege for the purpose of sawing and manufacturing marble in a mill contemplated to be built on the premises ; and "also the right of procuring marble from the grantor's land free and unmolested ; but not to the exclusion of other grantees"—Held that the grantor had no right to the small pieces of marble necessarily broken off by the grantee in blasting, and in reducing the blocks to a shape suitable for sawing.

This was an action of *Trespass*, for taking and carrying away thirty five lords of marble. It appeared from a statement of facts, agreed on by the parties, that the defendant was the owner of an extensive quarry of marble, and that he had conveyed by deed to *Elijah Ferris* and others a small lot of land and water privilege, together with the " right of taking water in common out of defen-" dant's flume, for the use of a mill contemplated to be built on " said premises, for the purpose of manufacturing marble, and not " for the purpose of grinding grain. Also the right of procuring " marble from the said *J. Ferris'* land, free and unmolested, but not " to the exclusion of other grantees—they the said grantees cov-" enanting and agreeing that no unnecessary damage should be " done by them to the said *Jonathan Ferris'* crops of grass or grain, " nor any unnecessary waste of water."

The said grantees afterwards conveyed the said premises to one *Samuel Hoffman*, together with all the rights and privileges which were conveyed by the first mentioned deed. *Hoffman* afterwards by deed, dated Feb. 7th 1827, conveyed the same premises to the plaintiff, together with the same right of taking watere from the defendant's flume, and the privilege of getting marble, which were granted by the defendant—the deed containing a clause similar to the one quoted above.

FRANKLIN,
January,
1829.

Rice
vs.
Ferris.

The plaintiff, afterwards, by virtue of said grant, got out from said quarry a quantity of marble in blocks suitable for sawing ; and in so doing necessarily broke off numerous small pieces of stone, of like quality, which were not suitable for sawing, but were of value for building, or burning into lime ; and were so left at the quarry by the plaintiff, with an intention of taking them away, as not to hinder or impede other grantees, or the defendant, in the use and enjoyment of said quary. The defendant took and carried away thirty five loads of the said small pieces, and burnt them into lime ; for which said action was brought.

The question submitted to the Court was, whether from the foregoing statement of facts the plaintiff ought to recover.

The opinion of the Court was pronounced by

PADDOCK, J. It appears from the case presented, and also from an examination of the deeds of the defendant and his assigns, under whom the plaintiff holds, that there were three distinct rights or things granted by the deed of *Jona. Ferris to Elijah Ferris* and others.

1. A certain piece of land and the buildings thereon.

2. A right of taking water from the grantor's flume for every purpose save one.

3. The right of procuring marble from the grantor's land, free and unmolested ; but not to the exclusion of other grantees.

Under this grant, it appears, *Julius H. Rice* entered upon the defendant's land, and raised a large quantity of marble from the ledge ; in doing which, and in squaring the blocks, many lesser pieces were broken off; which, though not useful for facing, were valuable for building or burning into lime ; and were by him reserved and laid aside for that purpose. *Jonathan Ferris*, considering that he granted nothing beyond the right of taking and carrying away such blocks as were designed for sawing, removed, and converted to his own use, 35 loads of the fragments, so lying at the quarry. And the question is, whether by the grant, those fragments of marble were the property of the plaintiff or defendant.

It may be remarked, that there is no necessary connection between the grant of the land and water privileges, and the right of procuring marble from the ledge, either expressed or implied. The extent of the right to quarry marble is not controuled by the quantity required in the mill, then in contemplation to be erected ; and the right of improving in the one place seems to be entirely independent of that of improving in the other. And, as it is admited that the quantity of marble in the quarry is inexhaustable, the Court do not readily see why *Rice* may not raise and transport

FRANKLIN,
January,
1829.

Rice
vs.
Ferris.

any quantity to other places than that of the mill named, to be used in the rough, or to apply to any other use for which marble will answer.

The word *marble*, is a generic term ; and whether in the quarry, raised in large or small fragments, or wrought into statues, the material is known by that name : And when *Rice* had once disengaged a portion from the general mass, whether in large or small pieces, it was reducing it to his possession, as personal property : and although the lesser pieces were not as valuable as the larger were, no man had a right to dispossess him of them against his will.

The defendant is mistaken in thinking his grant limited : there is nothing in the terms of it which can imply a restriction. If " free and unmolested," can mean any thing, it is liberty of *ingress* and *egress* upon the defendant's land : but that liberty the law would attach to the grant of *the right of procuring marble from the defendant's land.* The clause " but not to the exclusion of other grantees" was probably inserted carelessly, to qualify the words " free and unmolested." *The right of procuring marble &c.* was a privilege or thing, not susceptible of a division : therefore, any exceptions which might have been made would have gone to the whole grant, and would have been a void exception. *Shep. Touch.* 78 : being repugnant to the grant. *Co. Lit.* 47. *a.*

Furthermore, the quantity of marble being inexhaustible, the grant, by the terms of it, was not broad enough to give the grantee or his assigns any exclusive right to quarry ; but would leave the grantor at liberty to grant a like privilege to others ; so that they should not interfere, in their work, each upon the other's location, Therefore, the latter clause was unnecessary, if it was intended as a restriction, or exception.

The Court are well agreed in the opinion, that the broken pieces of marble were the property of the plaintiff ; therefore, judgment must be entered up, that he recover of the defendant $17,50 damages, and his costs, according to the agreement of the parties.

Judgment for plaintiff.

*Allen* and *Foster*, for plaintiff.
*Brown*, for defendant.